# Clara W. Foote *v.* Stanley B. Smullen and F. Allen Barry, Individually and as Copartners, Trading as Smullen & Barry, Appellants.

*Negligence—Real estate agents—Accident to prospective purchasers in visiting houses—Liability of agent.*

In an action of trespass to recover damages for personal injuries, it appeared that plaintiff was injured by falling down the cellar steps of a house that she was inspecting, in company with an agent who shared offices with the defendants. It also appeared that in sales made by the agent he divided the commissions with the defendants.

It was established that the house which the plaintiff was inspecting was not in charge of the defendants, and that the plaintiff and the agent who accompanied her had been making a joint visit, but that they were not invited to do so by the defendants, and that the latter never had authorized the agent to sell it, nor had the property ever been given in their hands to sell. Under such circumstances, no negligence on the part of the defendants was proven, and the court should have directed a verdict in favor of the defendants.

Argued October 14, 1924. Appeal, No. 23, Oct. T., 1924, by defendants, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1919, No. 4114, on verdict for plaintiff in the case of Clara W. Foote v. Stanley B. Smullen and F. Allen Barry, individually and as copartners, trad-

420,(1925).] Assignment of Error—Opinion of the Court.

ing as Smullen & Barry. Before ORLADY, P. J., HENDER-
SON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Re-
versed.

Trespass to recover damages for personal injuries.
Before GORDON, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $2,300 and judgment
thereon. Defendants appealed.

*Errors assigned* were the charge of the court, answers
to points and refusal of defendants' motion for judgment
non obstante veredicto.

*Paul Reilly,* for appellants.

*Augustus T. Ashton,* and with him *Victor Frey,* for
appellee.

OPINION BY TREXLER, J., February 27, 1925:

The defendants were copartners carrying on the busi-
ness of real estate brokers. A man by the name of
Brooke had a desk in their office and shared commissions
with them upon the basis of one-half to each party. By
appointment through the office of the defendants,
Brooke met Mrs. Clara Foote, the plaintiff, and pro-
ceeded to show her certain properties along the Main
Line. After inspecting several properties they came
to one on Lancaster Avenue. They inspected the
first and second stories and Mr. Brooke then went
down into the cellar. After he got down there he called
Mrs. Foote and asked her to come down and see the
cellar. She, followed by her son, went down and as she
was just about to walk on the cellar floor she slipped
upon a slimy place, fell and sustained the injuries which
are the subject of this suit. The plaintiff and her son
testified that after she fell Mr. Brooke asserted that he

had almost fallen there himself or words to that effect. The above narrative is denied in several of its important features by Mr. Brooke but for present purposes we must consider that this is a correct statement of the facts. The judge's theory in regard to the case is stated in the following extract from the charge: "It is the duty of real estate agents whose business it is to take charge of properties for their customers, and who, in their business for their profit and in order to accomplish the purposes of their agency, invite persons into the houses that they have charge of, to take reasonable precautions by way of inspection or otherwise, to discover whether the property is a safe place to invite their customers into, and to find out any hidden or other dangers that a customer might suddenly be subjected to, if he or she went in on invitation, and then not to invite the customer into such danger, or to warn the customer of the danger in advance. That is the duty of a real estate agent when he himself invites a person onto a property. You must remember that he is not the owner of the property. He has no power to make repairs and for the existence of a dangerous condition which might be on the property he is not responsible. However, he is bound when he undertakes to invite a person onto the property, to take reasonable and ordinary steps to discover what might be dangerous, in order that he can warn the person whom he invites on." We do not think, under the testimony as presented, this view is correct. There is no evidence that this particular property was in charge of the defendants; in fact the evidence is all to the contrary. It had never been given into their hands for sale, and they had never authorized Brooke to sell it. Brooke secured entrance through a window and the only thing to connect defendants with any sale that might have occurred is that Brooke stated that if he had received any commissions for its sale he would have divided them with the defendants. The property had been put in the hands of other agents and was not listed by the defendants. Mrs. Foote and Brooke were upon a common er-

rand.  The visit to the house was for the purpose of inspection.  The very purpose of the visit was to see whether the house was in good condition.  The state of repair in which it was, the state as to cleanliness and safety was of more interest to the prospective purchaser than to the broker.  The possession of the house had not been transferred to the agent.  He had no duty of supervision or maintenance.  His right to enter was only for a special purpose.  If the owner allows or requests a man to come on the premises for the purpose of inspection he may be responsible for any dangerous situation, and may owe a duty to have the premises in safe condition, but in our opinion this duty is not transferred to a man who merely has the property for sale and whose visit to the property is only for the purpose of inspection.  Under such circumstances we do not think that the broker assumes any responsibility to his customers for the safe condition of properties which he submits to them for purchase nor is an insurer of their safety when they visit them.  He is in no sense responsible for the condition of the property and having no duty, he has no liability.  Because Brooke stated, it is alleged, he had almost slipped, was not sufficient in itself to place liability on the defendants.  This case is not governed by the law in regard to keepers of stores who invite the public to come in and inspect their merchandise in contemplation of purchasing it.  If the owner of these premises had put these premises in charge of these real estate agents generally a different aspect might present itself, but it must be remembered as far as the proof goes that the only thing to connect these defendants or Brooke, was the prospect of a sale and the visit was merely to show the property.  No cases have been cited on either side bearing directly upon the matter.  We are of the opinion that the plaintiff has shown no negligence on the part of the defendants and that the court should have directed a verdict in favor of the defendants.

The judgment is reversed and is now entered for the defendants.